Bernice M. Williams
vs.
United Electric Railways Co. } No. 88716

April 17, 1935.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after a jury returned a verdict for the plaintiff.

On February 4, 1932, the plaintiff was a passenger on a trolley car owned and operated by the defendant company. This trolley car became involved in a collision with an automobile, operated by one Frechette, at the corner of Hope and Angell Streets, about eleven o'clock at night.

The weather was bad. Snow had been falling for some time; four or five inches had already fallen and wet, sticky snow was coming down at the time of the collision.

The plaintiff relies mainly on the testimony of Frechette. He says that he was operating his car on Hope Street in a southerly direction, about three feet from the curb. When about fourteen paces away from Angell Street, he saw the trolley approaching the intersection at rapid speed. He put on his brakes, his car slid, and it came to a stop with its front wheels about a foot from the first rail when the trolley car was 38 paces away. The trolley continued toward him, hit the left front end of his car with its left front rounded corner and "threw me up Angell St".

The defendant's version of the accident is that at no time was the automobile in front of the trolley car; that as the trolley car was proceeding across the intersection it was struck in the side by the automobile and thrown off the track to its left.

While the Court does not believe that this physical fact alone determines the nature of the accident, yet that fact must be given great weight, in the light of all the evidence in the case other than that of Frechette.

All the witnesses, except Frechette, seem to be in accord as to the point on the trolley car that collided with the automobile. The plaintiff, who sat on the first front seat on the right, stated the collision took place "about where I was sitting". Her two companions, Mrs. Turner and Mrs. White, agree with her. The defendant produced passengers who told of the impact coming at the side of the car, near the front door. A Mr. Burton, who was operating his automobile and following the trolley car about 200 feet behind it, testified he saw the automobile drive into the side of the trolley car and that it was in motion right up to the time it hit the street car. Damage to the trolley was all on the side, and none at the front end.

Taking into consideration the testimony of all the witnesses together with the derailment of the trolley car, we can not say that Frechette's unsupported testimony is of such a character that it overweighs the evidence, both from the plaintiff and the defendant, opposed to it.

It therefore appears to this Court that the defendant is entitled to a new trial, the plaintiff not having sustained the burden of proving her claim.

Defendant's motion for a new trial is granted.

For plaintiff: Fergus J. McOsker.
For defendant: C. Whipple, McGee.